UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO RODAS CUBIAS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>FIRST RESPONSE CLEANING CORP., THE COASTAL GROUP INC., CARL WALSH, and CHARLOTTE WALSH,<br><br>Defendants. | Case No.:<br><br><br><u>COMPLAINT</u><br><br><br>**Collective Action and Class Action Complaint** |

Plaintiff ROBERTO RODAS CUBIAS individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants FIRST RESPONSE CLEANING CORP. ("First"), THE COASTAL GROUP INC. ("Coastal"), CARL WALSH ("Mr. Walsh"), and CHARLOTTE WALSH ("Ms. Walsh") (First and Coastal are collectively the "Corporate Defendants") (Mr. Walsh and Ms. Walsh are collectively the "Individual Defendants") (the Corporate Defendants and Individual Defendants are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

**THE PARTIES**

3.      Upon information and belief, Defendant First is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 3504 Avenue S, Brooklyn, NY 11234.

4.      Upon information and belief, Defendant Coastal is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 3504 Avenue S, Brooklyn, NY 11234

5.      Upon information and belief, at all times relevant hereto, the Corporate Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

6.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

7.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.      At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

9.      Upon information and belief, the Individual Defendants reside in the State of New York and each is an owner, manager and/or employee of the Corporate Defendants.

10. Defendants are a damage restoration contractor servicing Brooklyn and its environs.

11. Upon information and belief each Individual Defendant is a principal and officer of the Corporate Defendants.

12. Upon information and belief, Ms. Walsh is the Chief Executive Officer of Defendant First.

13. Defendants, upon information and belief, share employees and provide joint restoration services to customers through Defendant First.

14. Mr. Walsh manages Defendants' employees, and hires and fires them, sets their rate and method of pay, determines their work schedule, and upon information and belief maintains employment records.

15. Defendants pay employees, including Plaintiff, via corporate check through Defendant Coastal.

16. Each Individual Defendant possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

17. Plaintiff has been employed by Defendants to work as a laborer within the last six (6) years.

18. Each Individual Defendant is engaged in business in the City of New York, County of Kings. Each is sued individually in his or her capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

19. Each Individual Defendant exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

20. Each Individual Defendant, as one of the ten largest shareholders of the Corporate Defendants, is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

21. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

22. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of himself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.* on behalf of himself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to pay proper minimum wage compensation required by federal and state law and regulations to Plaintiff;

   ii. Defendants' failure to pay proper overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

   iii. Defendants' failure to pay Plaintiff for his final week of work in violation of NYLL § 191;

   iv. Defendants' unlawful deduction from Plaintiff's pay in violation of NYLL § 193; and

4

  v. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

23. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

24. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

#### A. Plaintiff's Schedule and Pay.

25. Plaintiff worked for Defendants as a laborer from approximately August 2016 until May 13, 2018.

26. From the beginning of Plaintiff's employment in 2016 until the end of 2017, Plaintiff worked Monday through Saturday.

27. Plaintiff's schedule was 8:00 a.m. until 6:00 p.m. with an hour lunch break.

28. Nevertheless, Plaintiff generally began work at the company's shop at 7:30 a.m. or even 7:15 a.m. three times a week to perform work in the main office. However, Defendants did not pay him for the time he worked prior to his scheduled shift.

29. Plaintiff also worked one Sunday a month at the same schedule.

30. Beginning in January 2018, Plaintiff began working five days a week at the same schedule.

31. During Plaintiff's employment, Defendants paid Plaintiff $10 an hour for the hours for which they paid him.

32. Defendants, however, did not pay Plaintiff for all of his hours, including the hours he worked in the company shop prior to his schedule.

33. Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him at an overtime premium of 150% of his regular rate.

### B. Additional Wage Violations Affecting Plaintiff.

#### 1. Notice and Recordkeeping Violations.

34. Defendants failed to provide Plaintiff with a wage notice or paystubs in compliance with NYLL § 195.

35. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

36. Defendants also did not provide Plaintiff with a paystub specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or all the other information required under NYLL § 195.

37. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

#### 2. Unlawful Deductions From Plaintiff's Pay.

38. Defendant unlawfully deducted from Plaintiff's pay.

39. For example, on one occasion, a customer alleged that Defendants' employees stole an iphone in one of the apartments that Defendants were restoring.

40. As a result, Defendants deducted $300 from Plaintiff's pay, as well as $300 from the pay of the other employees who worked on the project.

41. This and other deductions violated NYLL § 193, which prohibits unlawful deductions

### 3. Failure to Pay For Final Week of Work.

42. Plaintiff quit his employment with Defendants on and about May 13, 2018.

43. Plaintiff did not pay Plaintiff for his final week of work as required by the NYLL.

44. Defendants therefore violated NYLL § 191 by failing to timely pay Plaintiff for his final week of work.

## II. Collective Action Allegations.

45. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

46. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

47. Plaintiff's Consent to Sue form is attached as **Exhibit 2**.

48. Upon information and belief, there are at least 40 laborers and other employees performing similar duties who have been denied minimum wage and overtime compensation while working for Defendants.

49. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have

been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage and overtime compensation for hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are similar to those of other employees.

50. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III. Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

51. Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as laborers on or after the date that is six (6) years before the filing of the instant Complaint.

52. Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

53. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

54. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

55. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

56. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

57. Plaintiff brings the third through fifth and seventh claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

### FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations)

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

60. Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff and others similarly situated the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

### SECOND CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations)

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

63. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

64. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (NYLL Minimum Wage Violations)

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. Defendants knowingly and willfully paid the Plaintiff and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

67. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations)

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

70. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

71. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify)

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

74. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

75. Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

76. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
### (NYLL Failure to Timely Pay Wages)

77. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78. NYLL § 191 requires that an employer timely pay an employee for his or her final week of work.

79. Defendants unlawfully failed to do so.

80. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (NYLL Unlawful Deductions)

81. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82. Pursuant to NYLL §193, it was unlawful for Defendants to deduct from Plaintiff and other similarly situated employees' wages unless the deductions were for their benefit and was authorized in writing by Plaintiff and other similarly situated employees.

83. Defendants routinely deducted from Plaintiff and other similarly situated employees' wages in contravention of NYLL §193.

84. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damage and seek recovery for unlawful deductions in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: October 26, 2018
New York, New York

Respectfully submitted,

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

EXHIBIT 1

# DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:   FIRST RESPONSE CLEANING CORP. and THE COASTAL GROUP INC.

PLEASE TAKE NOTICE that ROBERTO RODAS CUBIAS, as an employee of the above corporation who intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as a laborer, servant, and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as his attorney, to make this demand on their behalf,

HE ALSO HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
October 26, 2018

FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:   CARL WALSH and CHARLOTTE WALSH

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that ROBERTO RODAS CUBIAS, on behalf of himself and on behalf of all others similarly situated, intends to charge you and hold you personally liable as one of the ten largest shareholders of FIRST RESPONSE CLEANING CORP. and THE COASTAL GROUP INC., for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
October 26, 2018

                                                    FISHER TAUBENFELD LLP

                                                  _____/s/_____
                                                  Michael Taubenfeld
                                                  225 Broadway, Suite 1700
                                                  New York, New York 10007
                                                  Phone: (212) 571-0700
                                                  Facsimile: (212) 505-2001
                                                  *ATTORNEYS FOR PLAINTIFFS*

EXHIBIT 2

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by FIRST RESPONSE CLEANING CORP., and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____/s/_____
SIGNATURE

10/25/18_____
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Roberto Rodas Cubias.

_____
RAQUEL HERAS

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de First Response Cleaning Corp., o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Roberto Edenilson Rodas Cubias.
NOMBRE

10- [signature]
FIRMA

10-25-18.
FECHA